## POWERS *versus* GOWEN.

One of the joint makers of a promissory note can maintain no action for contribution, unless he has paid upon the note, more than the defendant has ; even though there should be other joint makers, who are insolvent.

EXCEPTIONS from the District Court, COLE, J.

Assumpsit on the money counts.

Hayes & Cogswell received a note of $4560, payable in five years with interest annually, and signed by the plaintiff, and the defendant with two other persons, and gave to the signers a bond to convey to them a tract of timber land, if the note should be paid. They however, in said bond, reserved the liberty to operate upon the land, stipulating, that the avails of

the operation should be indorsed on the note. They accordingly lumbered on the land, under that reservation. Toward the interest the plaintiff paid $50, and the defendant paid $800.

The receipts, given by Hayes & Cogswell to the defendant for this payment was handed by *his* counsel to the *plaintiff's* witness and read by the witness in the hearing of the jury.

The other two signers, after paying toward the interest $186,80, in unequal sums, had become insolvent. A further amount of interest having accrued, Hayes & Cogswell sued this plaintiff alone for it, and recovered therefor an execution of $522,19, and afterwards indorsed upon the same that they had received its contents by *Powers'* share of the lumbering operations. The other three signers of the note were each entitled to a share of the lumbering equal to what Powers was entitled to.

A nonsuit was ordered and the plaintiff excepted.

The case was submitted without argument for the plaintiff.

*J. Shepley,* for the defendant.

1. This action is brought for contribution, on the ground, that two of the joint makers of the note had become insolvent. But the plaintiff had no cause of action against either of them. He had paid the least of either of the four makers. The receipt on the execution could give no right of action against either. It was only an acknowledgment of having received from Powers a share of the joint avails of the lumber, which share was just equal to what each of the other makers were entitled to be allowed.

2. But, if two of the joint debtors had become insolvent and were in arrear, as compared with either this plaintiff or this defendant, yet the plaintiff cannot recover against the defendant, till he has paid more than the defendant has. But the plaintiff has not paid so much as the defendant has.

3. This action must fail, because the plaintiff has not paid so much as his own quarter part of the note.

Again, unless the whole principal as well as the interest of

the note had been paid by Powers, it would not have been of any benefit to this defendant, because Hayes & Cogswell were not bound to convey the land, till the last dollar was paid to them.

SHEPLEY, C. J.—This suit appears to have been commenced by one of the makers of a promissory note against another maker for contribution.

The plaintiff does not appear to have paid so much upon the note as the defendant; and the larger portion of what he has paid was derived from the common estate, for which the note was made in payment.

Under such circumstances a nonsuit was properly ordered.

*Exceptions overruled.*